IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA LIPPOLIS,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 19-2102** |
| v. | : | |
| | : | |
| **FLORENCE BAILEY, ET AL.** | : | |
| *Defendants* | : | |

## MEMORANDUM

On May 15, 2019, Plaintiff Linda Lippolis filed a Complaint against Defendants Florence and Andrew Bailey (the "Bailey Defendants"), as well as Defendant Nationwide Insurance Company ("Nationwide"). (ECF No. 1.) In her Complaint, Lippolis alleges that 1) the Bailey Defendants reside in, and are citizens of, New Jersey, 2) Nationwide has a principal place of business in Ohio, and 3) the underlying accident occurred in New Jersey. (*Id.* at ¶¶ 2-5, 7.) Upon review of these allegations, and mindful of the venue requirements set forth in 28 U.S.C. § 1391, this Court ordered the Parties to show cause why this Court should retain venue and not transfer this matter to the District of New Jersey or another more appropriate venue. (ECF No. 6.) Lippolis and Nationwide have responded, and this issue is now ripe for consideration.

Under 28 U.S.C. § 1391(b), Plaintiffs may bring a civil action in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." On the face of the pleadings, venue is not proper here, and none of the

Parties has suggested otherwise.  The pleadings and responses to the Order to Show Cause make plain that neither the Bailey Defendants nor Nationwide reside in the Commonwealth of Pennsylvania, where this judicial district is located.  Likewise, none of the events giving rise to this case occurred in the Eastern District of Pennsylvania.  Instead, the Complaint sets forth that the underlying car accident occurred in the District of New Jersey, the same district in which the Bailey Defendants reside.  The Court notes that there is no evidence that Lippolis has served the Baileys with original process in this matter, and the Bailey Defendants did not respond to the Court's Order to Show Cause.

Both Lippolis and Nationwide, however, have suggested that this matter be transferred to the Middle District of Pennsylvania.  (ECF Nos. 7-8.)  In support of its argument, Nationwide points to the fact that it issued the underlying insurance policy in that District.  (ECF No. 7 at 2-3.)  Lippolis consents to this request.  (ECF No. 8.)  Neither fact, however, is a valid basis for establishing venue in the Middle District of Pennsylvania under § 1391(b).  First, where Lippolis resides is irrelevant for purposes of determining the proper venue.  Indeed, a plaintiff's residence is not a factor under the venue statute.  *See* 28 U.S.C. § 1391(b).  Thus, the fact that Lippolis resides in the Middle District of Pennsylvania is of no moment.

Second, it is not clear that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in the Middle District of Pennsylvania due to the mere fact that Nationwide issued an insurance policy there.  *See* 28 U.S.C. § 1391(b)(2).  The facts regarding the negotiation and execution of a contract, "which relate exclusively to the formation of the Agreement, are both logistically and conceptually distinct from the circumstances relating to the alleged breach of the Agreement" and are therefore not probative as to venue.  *TJF Assocs., LLC. v. Kenneth J. Rotman & Allianex, LLC*, No. 05-cv-705, 2005 WL 1458753, *7 (E.D. Pa. June 17, 2005).  Though the

facts concerning issuance of a contract may be "related" to the case, they do not "'give rise to' plaintiff's cause of action within the meaning of § 1391[(b)](2)." *Id.* at *8. Indeed, the Third Circuit distinguishes between events or omissions that are "substantial" and those that "might only have some tangential connection with the dispute in litigation[.]" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

While "an insurer's coverage obligations regarding an underlying lawsuit might, in some situations, have little to do with the events or omissions giving rise to that lawsuit[,] ... [i]t would be facile, however, to suggest that any action [based on] insurance coverage necessarily arises from the facts related to the insurance contract." *Lumbermens Mut. Cas. Ins. Co. v. Peirce, Raimond, & Coulter, P.C.*, No. 08-cv-1257, 2009 WL 1035022, *1-2 (W.D. Pa. Apr. 17, 2009) (citation omitted). Instead, the Court's inquiry must focus on the language of the venue statute "and therefore on the nature of the events and omissions giving rise to the particular claim at issue." *Id.* at *2. Upon review of the pleadings and the Parties' submissions, it appears that the issuance of the insurance policy is not at issue here in any significant respect. Instead, like *Lumbermens*, the issue between Lippolis and Nationwide is whether the insurance policy covers liability as a result of the accident in question. The resolution of that question will depend on application of the policy language to the underlying events that took place in the District of New Jersey.

Given the facts that venue does not lay in the Eastern District of Pennsylvania or the Middle District of Pennsylvania and that a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey, the Court concludes that the District of New Jersey is a proper venue and will transfer this matter pursuant to 28 U.S.C. §§ 1404, 1406. An appropriate Order follows.

4

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.